FILED
02/18/2022
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 2, 2021 Session

## TOM SLAGLE ET AL. v. THE CHURCH OF THE FIRTSBORN OF TENNESSEE ET AL.

**Appeal from the Chancery Court for Robertson County**
**No. CH18-CV-487      Laurence M. McMillan, Jr., Chancellor**

_____

### No. M2020-01640-COA-R3-CV

_____

Appellants seek review of an order granting partial summary judgment. Because the order is not a final order giving rise to a Tenn. R. App. P. 3 appeal, we do not have jurisdiction; accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Joshua Ray Denton, Tonya Jenkins Austin, and Jeremey Ross Goolsby, Nashville, Tennessee, and Larry Lamont Crain, Brentwood, Tennessee, for the appellants, David Adamson, Helen Andrews, John Edward Andrews, Brenda Barber, Roger Brewer, Jason Broadway, Randy Cline, Naomi Cooper, Joe David Cron, Chard Hardin, Larry Hardin, Daphner Harms, Calvin Harrison, Jennifer Harrison, Mark Henderson, Danny Hinson, Tim Hunter, Heather Martin, David Mayhew, Jon Mayhew, Kellye Mayhew, Terry Nix, Theresa Nix, Esther Poole, Jamie Summers, Dale Suttle, and Frances Winters.

J. Thomas Smith and Keith Jordan, Nashville, Tennessee, for the appellees, Tom Slagle, Chester H. Cole, Kelvin Gregory, Jon James, Billy H. Ray, Roger Ray, and Michael Spears.

This appeal arises out of one of several consolidated lawsuits seeking to quiet title to church property after a church split into two factions. Appellants seek review, pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, of an order granting partial summary judgment to the Appellees, which they contend resolved all issues arising in the case being appealed, case No. CH18-CV-487. The order expressly states that it is interlocutory and the question of damages remains to be determined. Appellees moved to dismiss the appeal on the basis that no final judgment has been entered, precluding a Rule 3 appeal. This Court initially denied the motion, without prejudice to the parties' ability to address this issue in their briefs and at oral argument. The parties have done so, and the Appellees have renewed their motion to dismiss.

The order's stated interlocutory nature implicates our jurisdiction to consider this appeal. A party is entitled to an appeal as of right only after the trial court has entered a final judgment. TENN. R. APP. P. 3(a). A final judgment resolves all the claims between all the parties, "'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. TENN. R. APP. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). An appeal may be had from an otherwise interlocutory order by way of Rules 9 or 10 of the Tennessee Rules of Appellate Procedure or Tennessee Rule of Civil Procedure 54.02, but those avenues were not pursued in this case.

The order expressly states that "this partial summary judgment is interlocutory in character." Despite the court's use of the word "interlocutory" in its grant of "partial summary judgment," Appellants argue that "[t]he trial court granted the [Appellees'] motion for summary judgment declaring the rights and obligations of the parties in such a way that the remainder of Appellant's claims were rendered moot and dismissed [their] 2018 Action." The order is not that precise, and it does not appear that all of the issues in the complaint have been adjudicated by the order or otherwise. For example, Appellants

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

sought an accounting "of all the church's real, personal, and mixed property and matters affecting the church's interests." Despite Appellants' contentions to the contrary, that cause of action was not premised upon being declared the rightful title holder of the property and is not resolved by the court's order granting partial summary judgment. Even if we were to accept Appellants' arguments, the order does not contain the requisite language from Tennessee Rule of Civil Procedure 54.02 directing the entry of a final judgment on all the claims in case No. CH18-CV-487. In fact, it was entered under a consolidated docket number and does not specifically reference case No. CH18-CV-487 at all.

Having considered the law and the arguments, we conclude that the order is not a final one, and we do not have subject matter jurisdiction over the appeal. TENN. R. APP. P. 3. Accordingly, we grant Appellees' motion to dismiss the appeal.

CONCLUSION

We dismiss the appeal for lack of subject matter jurisdiction without prejudice to the filing of a new appeal once a final judgment has been entered. We remand the matter to the trial court for further proceedings. We assess the costs of this appeal against the Appellants, David Adamson, Helen Andrews, John Edward Andrews, Brenda Barber, Roger Brewer, Jason Broadway, Randy Cline, Naomi Cooper, Joe David Cron, Chard Hardin, Larry Hardin, Daphner Harms, Calvin Harrison, Jennifer Harrison, Mark Henderson, Danny Hinson, Tim Hunter, Heather Martin, David Mayhew, Jon Mayhew, Kellye Mayhew, Terry Nix, Theresa Nix, Esther Poole, Jamie Summers, Dale Suttle, and Frances Winters, for which execution may issue if necessary.


_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE